State, Van Solingen, pros., v. Town of Harrison.

THE STATE, ELIZA VAN SOLINGEN ET AL., PROSECUTORS, v. THE TOWN OF HARRISON.

1. A conveyance under seal, executed by the grantor, passes title to lands as between him and his grantee, although neither attested by a subscribing witness, nor acknowledged.
2. Where lots of unequal depth, but of equal frontage, are assessed for the costs of a sewer according to frontage, lots of equal frontage being assessed in the same amount, without regard to depth, the assessment is legal, provided it affirmatively appears that they received an equal benefit.
3. Where a town charter provides for the making of an amended return after reasons in *certiorari* are filed, the prosecutors will not be permitted to take advantage of the failure of the commissioners to certify that the assessment did not exceed the benefits, if the evidence shows there was no such excess.
4. Assessment set aside for failure to give requisite notice of depositing the report of assessment.

On *certiorari* to remove the assessments for a sewer on Harrison avenue, in the town of Harrison.

Argued at June Term, 1876, before Justices Depue, Van Syckel and Knapp.

For the plaintiffs, *C. F. & C. E. Hill.*

For the defendants, *F. W. Stevens.*

The opinion of the court was delivered by

Van Syckel, J.    The objections to the validity of this assessment will be noticed briefly in the order in which they were presented by counsel.

1. That the assessment was not made by three disinterested freeholders.

This reason rests upon the fact that the conveyance by which Thompson, one of the commissioners of assessment, claims to be a freeholder, is neither attested by a subscribing witness, nor acknowledged.

Thompson testifies that the deed was signed and delivered by the grantor in person, to him, and that he has since occupied the premises.    This, between the parties, is a good conveyance.    There is no testimony to show that its effect has been defeated by any subsequent conveyance by Thompson's grantor.

2. That the common council did not ascertain the whole amount of costs, damages and expenses of constructing the sewer.

The return originally made to the *certiorari* does not show the required action by common council, but by a supplement to the town charter, (*Laws,* 1875, *p.* 448, § 4,) it is provided that the proceedings of council shall not be set aside or deemed invalid by reason of a return to a *certiorari* failing to show a compliance with the requirements of the charter, and that after filing the reasons in *certiorari,* the clerk may make a further return to the writ, stating such additional facts as he may be advised are material, and the common council may make proofs of such facts, and if the same are

established to the satisfaction of the court, the proceedings shall be confirmed.

An amended return was made in this case, showing that the ascertainment was duly made, and the proofs made by the common council are satisfactory on that point.

3. That the commissioners did not view the land, and that the assessment was not made by them, but by the clerk, David Young.

The testimony of the commissioners and of Young, shows that this exception is not well taken.

4. That the assessment was not made in proportion to the benefits received.

The report of the commissioners certifies that they made the assessment in proportion to the advantage each land-owner was deemed to acquire. The testimony given by the commissioners and by the clerk, shows that they at least endeavored to lay the assessment in proportion to the benefits, according to their best judgment, and the counter evidence is not sufficient to justify this court in saying that they have failed to do so.

The commissioners say that the lots numbered 17 and 18, on Block 93, were assessed the same amount as Lots 19, 20 and 21, which were not so deep, because they considered the short lots would have the same convenience for taking away water as the deeper lots; that in that case they assessed by frontage.

From this evidence, the prosecutor argues that the assessment was imposed according to frontage, and not in proportion to benefits, and is therefore illegal, but this is an unwarrantable inference from this evidence. The testimony of the commissioners is distinct, that they laid the assessment according to benefits received, and the clear inference from this evidence is, that where lots of unequal depth, but of equal frontage, received, in their estimation, an equal benefit, they assessed by frontage—that is, they assessed the lots of equal frontage the same amount, without regard to their depth. This was

not in violation of legal principles, the burden being imposed in proportion to the benefit received.

Section 65 of the town charter (*Laws*, 1873, *p.* 294,) provides that the assessment shall be made upon all lands benefited, in proportion, as nearly as may be, to the advantage each land-owner shall acquire.

This is a constitutional provision for assessing. *Passaic* v. *Del., Lack. and West. R. R. Co.*, 8 *Vroom* 539.

To make the assessment valid, however, the case last cited holds that it must affirmatively appear that the assessment was not in excess of the benefits received. The commissioners' report fails so to certify; but this defect should not avail to defeat these proceedings:

1. Because no such reason is assigned by the prosecutor. This rule should be the more stringently applied to this case, as the town charter provides for an amended return after reasons filed. *State, Bramhall, pros.,* v. *Bayonne*, 6 *Vroom* 477.

2. The evidence shows that the benefits were not exceeded. There may be some inequalities in the assessment, but absolute equality is unattainable, as men of fair judgment would differ in their opinion as to the proper distribution of the costs and expenses of sewers, according to the established legal rule.

It does not appear that through mistake of law or fact, or partiality on the part of the commissioners, or by reason of the failure to exercise a fair judgment, any injustice has ensued to the relators.

There must be a clear preponderance of proof to lead the court to overturn the work of the commission, which has had the advantage of viewing the premises. *State, Pudney, pros.,* v. *Village of Passaic*, 8 *Vroom* 65.

4. That the notice of the deposit of the report of assessment, and the notice to hear parties interested, were not duly published, and posted for ten days, in five public places, as required by Section 68 of the charter.

The report of the commissioners certifies that the notices were set up for ten days, in five public places, but there is

no affidavit accompanying their report, to show by whom the notices were put up.

In their testimony, the commissioners say that they have no personal knowledge that the notices were posted, except that Morton, one of them, put up two notices.

Young testifies that he gave the notices to an assistant, with directions to put them up.

The commissioners, therefore, had no personal knowledge, upon which to base their certificate that the notices were duly posted, and, so far as appears, no proof was made before them, and nothing now appears in the case to justify the allegation that, in this respect, the requirement of the charter was observed.

The notice, as copied in the commissioners' report of assessment, is dated October 5th, 1874, and requires all persons interested to appear October 14th, 1874. If this notice issued on the day it bears date, ten days' notice could not have been given.

Statutory provisions to secure notice to individuals whose rights are to be affected, must be strictly complied with; in the absence of the requisite notice, proceedings of this character cannot be upheld. *State, Peters, pros.,* v. *Newark,* 2 *Vroom* 360; *State, Kellogg, pros.,* v. *City of Elizabeth,* 8 *Vroom* 353.

In my opinion, the assessment should be set aside, as to the prosecutors, without costs.

The defendants have leave to move to set aside the entire assessment, and commissioners, to make a new assessment, will be appointed on their application.